FREDERICK W. BLOCKI

*v.*

THE PEOPLE *ex rel.* South Chicago City Railway Company.

*Opinion filed February 21, 1906—Rehearing denied April 5, 1906.*

1. ORDINANCES—*grant of street railway privileges is construed most strongly against the grantee.* An ordinance granting to a corporation the right to construct and operate a street railway system is to be most strongly construed against the grantee, and is to be interpreted according to the language used and in the light of all the surrounding facts and circumstances.

2. SAME—*ordinance relating to delay by injunction construed.* An ordinance excepting from the time limited for constructing a street railway system the period during which the construction of "said railways, or any part thereof," was delayed by an injunction,

does not justify the company in failing to construct its railway on streets not covered by an injunction unless the part of the system covered by the injunction was so connected with the other parts as to render it undesirable or inconvenient to construct the latter without the former.

3. MANDAMUS—*petitioner must show clear legal right to writ.* A street railway company seeking to compel the commissioner of public works to grant a permit to construct a track after the time limited in the ordinance for such construction has expired, must allege and prove that the delay was caused by circumstances such as were recognized by the ordinance as excusing the delay.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

The relator, the South Chicago City Railway Company, filed its petition in the superior court of Cook county for a writ of *mandamus* against the appellant, as commissioner of public works of the city of Chicago, to compel him to issue to it a permit to build a double track street railway on Torrence avenue from One Hundred and Sixth street to One Hundred and Tenth street.

On March 4, 1895, the city council of the city of Chicago passed an ordinance authorizing the relator to lay street railway tracks on about thirty-five miles of street, including Seventieth street from Yates avenue west to Addison avenue, and on Torrence avenue from One Hundred and Sixth street to One Hundred and Fourteenth street. Section 2 of the ordinance required the relator, within two years from the passage of the ordinance, to lay and have in operation a single track railway on certain portions of the streets, and on other portions within five years to have in operation double track railway. Permission from the commissioner of public works was to be obtained before the commencement of the work. All privileges granted by the ordinance were absolutely to cease and terminate as to any portion of the

streets on which lines were not in operation within the time specified, unless the construction of said railways, or any part thereof, was delayed by the injunction of any court of competent jurisdiction, in which case the time of such delay, after notice to the corporation counsel of the city of the pendency of said injunction proceedings, was not to be reckoned as a part of the time limited. Other conditions were contained in the ordinance unnecessary to be here stated. On January 15, 1895, the Third National Bank of Chicago procured an injunction to be issued by the circuit court of Cook county restraining the relator from constructing, operating, laying or building tracks on Seventieth street projected, from Jeffrey avenue, or Jeffrey avenue projected at the intersection of Seventieth street, or Seventieth street projected eastward to Beveridge avenue, and on June 24, 1895, notice of the pendency of this suit was given in writing to the corporation counsel of the city of Chicago. The injunction continued in full force and effect until May 15, 1902, when the bill was dismissed and thereby the injunction dissolved. On June 27, 1902, the relator made application to appellant for a permit to construct a line on Torrence avenue from One Hundred and Sixth street to One Hundred and Tenth street, and to connect such extension with its lines on Torrence avenue and One Hundred and Sixth street, but appellant took no action on the application. On February 5, 1904, the relator again made application to appellant for permission to build a double track street railway on the same street, which permit appellant refused to issue on the ground the privileges granted to the relator by the ordinance as to Torrence avenue had ceased and terminated, his contention being that the ordinance required that each and every part of the system should be constructed within the time fixed, except those parts, if any, the construction of which was prevented by injunction. The relator, upon the refusal of appellant to issue the permit, filed its petition for a writ of *mandamus,* setting up said ordinance, alleging full compliance with its

requirements and the issuance of said injunction. To the petition appellant filed a demurrer, which was overruled, and he elected to stand by the same, whereupon the court rendered judgment awarding the writ. An appeal was prosecuted to the Appellate Court, where that judgment was affirmed, and a further appeal has been prosecuted to this court.

WILLIAM D. BARGE, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellant.

CHARLES C. GILBERT, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Most of the brief and argument of counsel for appellant is devoted to the proposition that where the consent of a city to lay tracks in its streets is given upon condition, and there is a failure to comply with the condition, all rights under the consent are forfeited. This position, as we understand, is not controverted by counsel for the appellee. Had the railway company failed to comply with the conditions of the ordinance as to the time in which it should construct its tracks, without justifiable excuse, we think the law too well settled to call for the citation of authorities, that all its rights and privileges would have ceased. But as we understand the case, the decision of it must turn upon the proper construction to be placed upon section 2 of the ordinance set forth in the preceding statement, as to the effect of an injunction restraining the company from laying its tracks in one or more of the streets named in the ordinance. In other words, did the injunction restraining the laying of the tracks in Seventieth street justify the railway company in delaying the construction of its road upon all the other streets, including Torrence avenue? We agree with counsel for appellant that all grants by the public, such as are given by the city of Chicago in its ordinance, are to be construed most strongly against the grantee, and also that the grant is a mere license

or permission to the railway company to lay down, maintain and operate its railroad in the streets upon the conditions named in the ordinance. After all, we must come back to the question whether, under section 2 of the ordinance, the injunction set up in the petition operated to extend the time within which the tracks might be laid in other streets.

The position of counsel for the relator is, that the ordinance grants a privilege to the railway company to construct street railways upon a system of streets, one connected with another, so as to constitute connected lines of travel, and therefore an injunction which prevented the construction of a part of the entire system necessarily operated to extend the time within which the other tracks might be laid,—that is, that the time covered by the injunction preventing the laying of the tracks in Seventieth street should not be reckoned as a part of the time limited in the ordinance as to any of the streets. On the contrary, the contention of counsel for the appellant is, that the ordinance divides the so-called system into two divisions; that it requires the railway company to construct a single track railway on Torrence avenue within two years and a double track railway within five years, and provides that on all and singular the other portions of the route in the ordinance described it shall, within two years from and after the passage of the ordinance, lay down, complete and have in operation a double track street railway,— that is, that the conditions named in the ordinance as to the time within which the work shall be done do not apply alike to Torrence avenue and the other streets specifically named with it, and "all and singular the other portions of the route in this ordinance described."

Appellee was the public official of the city of Chicago charged, by the terms of the ordinance, with the duty of issuing a permit before the work could be commenced. Before he issued this permit it was his duty to ascertain that the relator was entitled to it. In the performance of this duty he represented the public, and as we before said, a grant

similar to the one at bar is to be most strongly construed against the grantee and in favor of the public. In the first instance the relator had no rights in the streets of the city. They belonged to the public and were to be used as streets, for public purposes. The city council had authority, under certain limitations, to grant relator the right to lay its tracks in such streets as it might designate. This it did by ordinance which imposed certain restrictions. The ordinance, as passed, was accepted in writing by the relator and became binding upon both parties. The railroad company, in seeking a writ of *mandamus* against the public to enforce its rights under the ordinance, must clearly allege and show that it is entitled to the writ. The face of the petition shows that the time specified in the ordinance for the construction of the track on Torrence avenue had expired. It was the duty of the railroad company, before it was entitled to a permit from the appellant and before it was entitled to a writ of *mandamus,* to allege such a state of facts as excused the delay in not building within the time specified. This it sought to do by alleging that the territory covered by the ordinance constituted a single system, and as it had been delayed by an injunction from a court of competent jurisdiction as to Seventieth street, that this excused the delay as to Torrence avenue. Attached to the petition is a map of the entire territory covered by the ordinance.

The ordinance granted permission to lay tracks in about thirty-five miles of streets, extending on the south side to the city limits and connecting with other lines operating in the State of Indiana. Seventieth street, upon which relator was restrained from building its tracks, is situated at the north end of the territory covered by the ordinance, and is thirty-seven squares, or not less than four miles, from Torrence avenue, which is at the extreme south and west ends of the system. The territory included in the injunction is but a few blocks in extent and exceedingly small as compared with the whole. The line upon Seventieth street is upon a

cross-street connecting north and south main lines of railway. These north and south lines could apparently be built without any damage on account of the Seventieth street line not having been built. We do not see any valid reason why the injunction as to Seventieth street should in any way have interfered with the work on Torrence avenue. It might possibly have interfered with some main lines running north and south which it connected; but no claim is made as to them. If the injunction as to Seventieth street had the effect of tying up all the lines or preventing the building of any of the rest of them, there would have been some reason for saying that the relator should be entitled to the relief sought. The ordinance is to be interpreted according to the language used and in the light of all the facts and circumstances surrounding the case. If the construction contended for by the relator was correct, then if the injunction had been issued restraining the building of a single foot of the track covered by the ordinance it would apply to the whole grant of thirty-five miles and excused the relator from building any portion of it until the injunction was dissolved, and it would make no difference that the portion covered by the injunction was at the extreme south of the line and all the rest of the road could be built and operated without any delay or inconvenience. This certainly was not the intention of the city council and is not the fair interpretation to be given to the language used in the second paragraph of the ordinance, unless such a state of facts had been alleged as would show that the part covered by the injunction was connected with the rest of the territory in such a way as to make it undesirable or inconvenient to build one without the other. If such a state of facts existed, it was the duty of the relator to allege such facts in the petition as would enable the court to see that the relator came clearly within the provisions of the ordinance and was entitled to the permit which the appellant refused to grant. In the absence of such allegations we are of the opinion that the petition was not sufficient,

upon its face, to entitle the relator to the writ, and for this reason the court improperly sustained the demurrer.

The judgment of the superior court and of the Appellate Court will be reversed and the cause remanded for further proceedings in accordance with the views as above expressed.

*Reversed and remanded.*